**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OMAYRA DIAZ,<br><br>      Plaintiff,<br> v.<br><br>SGT. MICHELLE MERCED, OFFICER ROBERTO CANCEL, OFFICER JOSHUA TORRES, OFFICER STEVEN GIL, AND CITY OF PASSAIC, NEW JERSEY,<br><br>      Defendants. | Civil Action No. 21-11831 (SDW) (JRA)<br><br>**OPINION**<br><br>June 24, 2024 |

**WIGENTON**, District Judge.

Before this Court is Sergeant Michelle Merced, Officer Roberto Cancel, Officer Joshua Torres, Officer Steven Gil, and the City of Passaic New Jersey's (collectively "Defendants") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule"). (D.E. 82) and Plaintiff's Cross Motion for Summary Judgment.[1] Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendants' motion is **GRANTED**; and Plaintiff's motion is **DENIED**.

**I. BACKGROUND AND PROCEDURAL HISTORY**[2]

---

[1] Plaintiff did not file opposition to the instant motion but instead filed a cross motion for summary judgment. (*see* D.E. 83.) Notwithstanding, this Court considers Plaintiff's submission an opposition and a cross motion for summary judgment.

[2] This Court has received and reviewed the USB drive that contained the officers' body-camera footage of the incident. The footage supplements the facts outlined in this section.

In the early hours of February 24, 2020, Defendant Sergeant Michelle Merced ("Sgt. Merced") saw a double-parked car in front of City Hall at 330 Passaic Street and decided to run a check on the license plates. Her search revealed that the car owner, Destiny Centano's ("Centano") license was suspended. This prompted Sgt. Merced to approach the car to investigate the scene further. As she approached the car, she saw Plaintiff, a front seat passenger, "jerk forward in her seat" which led her to conclude "that something may have been put under the seat." (D.E. 82-1 at 3.) Sgt. Merced instructed the driver, Centano, to roll down the window which released the strong and unmistakable smell of marijuana, a then illegal substance. Officer Roberto Cancel arrived at the scene, also smelled marijuana, and asked Centano about the smell to which Centano admitted to having smoked marijuana at some earlier time. Officer Cancel approached the passenger side, where Plaintiff was seated, and smelled marijuana there as well. He asked Plaintiff to confirm her identity. Plaintiff responded that because she is a passenger, she should not be questioned. (D.E. 1. at 5.) She refused to disclose her identity, claimed that she did not know the last four digits of her social security number, and did not respond to any further questioning. Plaintiff alleges that Sgt. Merced threatened to arrest her and threatened to file a "false report" if she did not identify herself. (D.E. 1 at 5.)

Centano and Plaintiff were asked to step out of the vehicle so it could be searched, and they were informed that the car would be towed. Officer Cancel recovered a bag of marijuana from under the front passenger seat that Centano admitted belonged to her and Centano was placed under arrest. Plaintiff alleges that the other white substance found in the car was a "bag of salt" that Centano had for her "nose ring." (D.E. 37 at 3.) The officers determined that because Plaintiff also smelled of marijuana and refused to identify herself, they had probable cause to arrest and search Plaintiff as well. Plaintiff objected to being detained and searched and alleges that she was

forcefully arrested.  (D.E. 1 at 8.)  The search of Plaintiff was captured on the officers' bodycam and revealed the recovery of a crack cocaine pipe found in her jacket pocket.  Once at the police station, Plaintiff disclosed her identity, and it was discovered that she had outstanding warrants for her arrest.  (D.E. 82-1 at 3.)

Plaintiff, *pro se,* filed her Complaint along with her application to proceed *in forma pauperis* on May 26, 2021, pursuant to 42 U.S.C. § 1983.  (D.E. 1.)  She alleges that Defendants violated her Fourth and Fourteenth Amendment rights during her search and subsequent arrest.  Defendants filed their Answer on October 19, 2021, summarily denying the allegations and raised the affirmative defense of qualified immunity.  (D.E. 20.)  Plaintiff amended her Complaint on March 10, 2022, (D.E. 37), and Defendants filed their Answer, renewing their affirmative defenses on October 14, 2022.  (D.E. 58.)  All discovery was completed and on January 19, 2024, Defendants filed the instant motion.  Plaintiff did not file opposition, but instead filed her own motion for summary judgment.  (D.E. 83.)

## II.   LEGAL STANDARD

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law."  *Tse v. Ventana Med. Sys., Inc.*, 297 F.3d 210, 218 (3d Cir. 2002); *see* Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  "The judge's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial."  *Id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. DISCUSSION

    a. 42 U.S.C. § 1983

The Civil Rights Act of 1871 provides for a private right of action under 42 U.S.C. § 1983 for any citizen of the United States who can establish: (1) that their "rights, privileges, or immunities secured by the Constitution and laws" have been violated; and (2) by any person who was acting under the color of state or federal law.

An action under the color of state law "requires that one liable under § 1983 [has] exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir.1998) (internal quotation and citation omitted). Setting aside the City of Passaic, Defendants here are all police officers, and the offending conduct is alleged to have happened during a traffic stop, an activity that is within their authority and duty as police officers. *See e.g., Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606 610 (3d Cir. 2011). Thus, Defendants were acting under the color of state law at the time of the traffic stop and subsequent search and arrest.

Plaintiff alleges that Defendants violated her Fourth and Fourteenth Amendment rights when the officers asked her to verify her identity, step out of the car, conducted a search of her person, and arrested her. The Fourth Amendment protects a person against unreasonable searches and seizures. "[A] person has been seized within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that [she] was not free to leave." *Schneyder v. Smith*, 653 F.3d 313, *322 (3d Cir. 2011) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980)) (internal quotation marks omitted); *see United States v. Hester*, 910 F.3d 78 (3d Cir. 2018) (explaining that a seizure is a seizure whether the car is moving or parked). There is no dispute that Plaintiff was

4

seized and subsequently searched. Therefore, the focus for this Court is whether the search and seizure were unreasonable and thus unlawful under the Fourth Amendment.

"Warrantless searches and seizures are presumptively unreasonable and are therefore prohibited under the Fourth Amendment, unless an exception applies." *Hester*, 910 F.3d at 84 (quoting *United States v. Mundy*, 621 F.3d 283, 287 (3d Cir. 2010)). To determine the reasonableness of a seizure, this Court considers "whether a reasonable, trained officer standing in [Sgt. Merced]'s shoes could articulate specific reasons justifying the stop." *Id.* at 87. "The Supreme Court has repeatedly recognized that a reasonable suspicion may be the result of any combination of one or several factors including specialized knowledge and investigative inferences as well as observation of suspicious behavior." *United States v. Brown*, 448 F.3d 239, 247 (3d Cir. 2006); *see also Illinois v. Wardlow*, 528 U.S. 119, 124 S. Ct. 673, 145 L. Ed. 2d 570 (2000) (noting that "nervous, evasive behavior is a pertinent factor in determining reasonable suspicion").

Here, Sgt. Merced saw the car double parked in front of City Hall in the early hours of the morning, well outside of business hours, with two occupants seated inside. The circumstance appeared unusual and properly generated curiosity as to what was taking place. Sgt. Merced ran a search on the car's registration and found that Centano's license had been suspended. This prompted reasonable suspicion that the car was being operated unlawfully. Sgt. Merced then approached the car and conducted a lawful seizure. Both Sgt. Merced and Officer Cancel encountered the clear and unmistakable smell of marijuana emanating from both Centano and Plaintiff at a time when marijuana was an illegal substance in the state of New Jersey. This gave the officers probable cause to search the car as well as its passengers. *See United States v. Jackson*, 682 F. App'x 86 (3d Cir. 2017); *see also United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006) ("[I]t is well settled that the smell of marijuana alone can be enough to establish probable cause

5

for an arrest.") (internal quotation marks omitted). Plaintiff refused to disclose her true identity and rejected questioning. The search revealed a bag of marijuana, a crack pipe, and a white substance. Plaintiff and Centano were arrested and brought to the police station where it was determined that Plaintiff had outstanding arrest warrants. Neither the search nor the subsequent arrest of Plaintiff was unreasonable or unlawful. The body camera footage does not reveal any unreasonable or excessive use of force beyond what was necessary during the arrest.[3] Thus, Plaintiff's Fourth Amendment rights were not violated.

Plaintiff further alleges an equal protection violation under the Fourteenth Amendment. However, she has not alleged any supporting facts, nor does she proffer any evidence or brief this issue in any way. Consequently, Plaintiff's equal protection claim is deemed waived.[4] Because Plaintiff has not articulated any other constitutional rights or violations, her claims arising under 42 U.S.C. § 1983 are unsupported.

This Court need not reach the question of qualified immunity because there are no other surviving claims or genuine issues of material fact in this case. *Tse*, 297 F.3d at 218. Notwithstanding, qualified immunity would attach because, based on the foregoing, there was no violation of a clearly established right. *See e.g. Mirabella v. Villard*, 853 F.3d 641, 648 (3d Cir. 2017) ("Qualified immunity shields federal and state officials from money damages unless a

---

[3] "The test of reasonableness under the Fourth Amendment is whether, under the totality of the circumstances, 'the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations.'" *Est. of Smith v. Marasco*, 318 F.3d 497, 515 (3d Cir. 2003) (quoting *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989)); *see O'Keefe v. Lehigh Univ.*, No. 23-1235, 2024 WL 138578 *1 (3d Cir. Jan. 12, 2024) (affirming that officers did not use unreasonable force when conducting a lawful arrest nor was it unreasonable to breathalyze the plaintiff under the circumstances).

[4] "It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal." *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir.2005). Even when liberally construing *pro se* litigants' briefs, only arguments "actually presented" may be considered. *Id.; see Poku v. Himelman*, 448 F. App'x 217 (3d Cir. 2011). District courts have adopted this standard as well. *See Hoffmann-La Roche Inc. v. Apotex Inc.*, No. CIV.A. 07-4417 SRC, 2013 WL 323335 *2 (D.N.J. Jan. 25, 2013) (finding that an issue not properly articulated in a summary judgment brief is deemed waived).

plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.") (internal citation omitted).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**; and Plaintiff's cross motion is **DENIED**. An appropriate order follows.

                                                  s/ *Susan D. Wigenton*\
                                                  **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk\
cc:     Parties\
          Jose R. Almonte, U.S.M.J.